UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN NATIONAL
INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No. 8:12-cv-1683-T35-TBM

DOROTHY SCHNEIDER,
HAROLD SCHNEIDER,
TERRY SCHNEIDER, as trustee for the
Harold and Dorothy Schneider
Irrevocable Trust,
HAROLD SCHNEIDER INVESTMENTS, LLC,
JOHN DOES 1-10

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of American National's Motion to Dismiss Counterclaim (Dkt. 26) and Harold Schneider Investments, LLC's Response in Opposition thereto (Dkt. 27). Upon consideration of all relevant filings and case law, and being otherwise fully advised, the Court **DENIES** American National's Motion, as described herein.

    **I.**    **BACKGROUND**

This action arises from the alleged fraudulent procurement of a $3.5 million insurance policy on the life of Harold L. Schneider (the "Harold Schneider Policy") and a $3 million insurance policy on the life of Dorothy Schneider (the "Dorothy Schneider Policy") (collectively, the "Schneider Policies"). (Dkt. 9 at 1)  On November 2, 2012, Plaintiff filed an amended complaint against Defendants for (1) declaratory judgment

against Terry Schneider as trustee and against Harold Schneider Investments, LLC ("HSI") regarding the Harold Schneider Policy (2) declaratory judgment against Terry Schneider as trustee and against HSI regarding the Dorothy Schneider Policy (3) negligent misrepresentation against Harold Schneider and Dorothy Schneider (4) fraud against Harold Schneider and Dorothy Schneider, and (5) civil conspiracy against all defendants. (Dkt. 9)

According to the allegations in Plaintiff's amended complaint, Insurance producer John Nye, and others working in concert with John Nye, executed a "stranger originated life insurance or (STOLI)" scheme to procure the Schneider Policies. (Id. at 6) According to Plaintiff, STOLI policies are sought not to meet legitimate insurance needs, but are sought solely for re-sale to strangers in the secondary market. (Id. at 3) Plaintiff claims STOLI policies are illegal wagering contracts as the third party purchasers of these policies lack an insurable interest in the life of the insured. (Id.) Plaintiff seeks a declaration that the policies were void from their inception. Plaintiff also seeks a declaration that it may retain the premiums paid in connection with the "STOLI" policies because, according to Plaintiff, under Florida law, where a life insurance policy has been declared void *ab initio* because it lacked an insurable interest at inception, the person or entity that wrongfully procured the life insurance policy is not entitled to a return of the premiums paid for the void policy. (Id. at 9)

Plaintiff alleges that the promoters of the Schneider Policies made numerous fraudulent and material misrepresentations in, and in connection with, the applications for the policies including (1) the purpose of the policies, (2) the intent to transfer the ownership of the policies to a third party, (3) the offering of an inducement to encourage

2

the application for coverage, (4) the intent for the policies to be owned by an entity for the purpose of investment, (5) that a collateral assignment would be placed on the policies, and (6) that funds other than those of the insureds would pay the premiums. (Id. at 6)  Plaintiff alleges that six days after the Harold Schneider application was signed, Harold Schneider and Canopus Management Corporation signed an operating agreement effectively forming HSI.  (Id. at 28)  HSI, according to Plaintiff, is comprised of numerous investors, including John Nye and some of his relatives who stood to benefit from the Harold Schneider Policy.  (Id.)  Plaintiff claims HSI was formed with the intent of taking ownership of the Harold Schneider Policy in the secondary market.  (Id.)

Defendant HSI has countersued Plaintiff for (1) breach of contract, (2) negligence, and (3) fraud.  (Dkt. 22 )  According to the allegations in HSI's counterclaim, Plaintiff appointed John Nye and his company Nye Financial Group, Inc. as a non-exclusive agent of Plaintiff to solicit applications for life insurance policies.  (Id. at 9) HSI alleges that one of the vehicles Nye Financial used was an annuity/life arbitrage or "Arbitrage Transaction."  (Id. at 11)  According to HSI, this transaction "is used when the pricing of a single premium immediate annuity can be coupled with life insurance resulting in a cash flow to the client that exceeds that of comparable income producing alternatives such as CDs and bonds.  This strategy can produce guaranteed lifetime income without market risk."  (Id.)

HSI alleges Plaintiff was aware that its agents, including John Nye and Nye Financial, were actively marketing Arbitrage Transactions to potential insureds and that Plaintiff consented to such actions by its agents.  (Id. at 30) HSI alleges Plaintiff has actively and purposefully marketed and solicited high-value life insurance policies to

3

elderly individuals and encouraged its agents, such as John Nye and Nye Financial, to do the same due to the high premiums that it can exact for such policies. (Id. at 12) HSI maintains that John Nye and Nye Financial, with the consent of Plaintiff, encouraged potential insureds to enter into these Arbitrage Transactions. (Id. at 13) According to HSI, these transactions are not illegal and benefit all parties involved. (Id. at 27)

In July of 2008, Harold Schneider submitted his initial application with Plaintiff for the issuance of a $3.5 million life insurance policy. (Id. at 28) HSI maintains the underwriting and investigation for the Harold Schneider Policy took months and involved several inspections and reviews by Plaintiff. (Id. at 29) Plaintiff issued the Harold Schneider Policy on the life of Harold Schneider in the amount of $3.5 million naming his wife, Dorothy Schneider, as the beneficiary. (Id. at 34) HSI alleges that Plaintiff was aware that the premiums HSI has paid exceeded $1,700,000 and Plaintiff accepted all the premiums without protest. (Id. at 36-37) HSI alleges that in 2010, a request was made to change the owner and beneficiary of the Harold Schneider Policy to HSI and that Plaintiff consented to that change in ownership to HSI. (Id. at 38-39)

According to HSI, the Harold Schneider Policy contains a two-year incontestability provision pursuant to which Plaintiff agreed it would not contest the validity of the Harold Schneider Policy after the expiration of the contestability period. (Id. at 40) HSI alleges Plaintiff failed to conduct an investigation or contest the Harold Schneider Policy during the two-year contestability period. (Id. at 41) Instead, HSI claims, Plaintiff continued to acquiesce in the status and placement of the policy and continued to collect significant premiums from HSI under the policy. (Id.) HSI claims

the two-year contestability period expired in August of 2010, two years before Plaintiff sought to contest the validity of the policy. (Id. at 41) HSI maintains Plaintiff's actions "have damaged HSI who relied on [Plaintiff's] acceptance of the Arbitrage Transaction, underwriting, investigation, representation as to the validity and incontestability of the Policy, as well as its acceptance of over $1,700,000 of premium payments from HSI." (Id. at 3)

## II. DISCUSSION

Plaintiff brings the instant motion seeking to dismiss all of the counts in HSI's counterclaim. Plaintiff argues the breach of contract counterclaim should be dismissed because it fails to state a plausible claim. Plaintiff contends that it specifically pled in its amended complaint that it will continue to treat the Schneider Policies as in-force unless and until it receives the relief it seeks from the Court. Plaintiff also contends that a party does not breach a contract merely by seeking a declaration that the contract is void from its inception. As for the negligence counterclaim, Plaintiff contends it is barred by the economic loss rule since HSI admits that a valid contract exists between the parties. Plaintiff also argues that HSI fails to allege what duty was owed to HSI or how that duty was breached. Finally, Plaintiff argues that HSI fails to plead its fraud claim with particularity, or to plead reliance by HSI on any alleged misrepresentations made by Plaintiff.

The threshold for surviving a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only sufficient facts to state a claim to relief that is plausible on its face. Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is obligated to provide the "grounds" for his entitlement to relief.  Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 555).  In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95.  The Court's consideration must be limited to the pleadings and any exhibits attached thereto.  Ahern v. Fidelity Nat. Title Ins. Co., 664 F. Supp. 2d 1224, 1226 (M.D. Fla. 2009) (internal citations omitted) (citing GSW, Inc. v. Long Cnty. Ga., 999 F.2d 1508, 1510 (11th Cir. 1993)); see also Quality Foods, 711 F.2d at 994-95.

### A. Breach of Contract

To state a claim for breach of contract, a party must allege facts sufficient to demonstrate (1) the existence of a contract, (2) breach of that contract, and (3) damages resulting from the breach.  See Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1365 (M.D.Fla. 2007).  HSI has pled sufficient facts to state a claim for breach of contract. HSI alleges that it is the owner of an insurance policy entered into with the Plaintiff.  It further alleges that the policy contains an incontestability clause pursuant to which Plaintiff agreed it would not challenge the validity of the policy after the expiration of the two-year term provided for under the referenced provision.  HSI alleges Plaintiff "breached its obligation under the terms of

the policy by seeking to have the policy declared void *ab inito*." See (Dkt. 22 at 49) Specifically, HSI alleges that Plaintiff violated the specific terms of its agreement with HSI by challenging the policy after the two-year contestability period has expired. HSI contends it has been damaged by expending costs to litigate this action to contest Plaintiff's actions. These allegations are sufficient to state a claim for breach of contract.

Plaintiff is correct that courts have found in some circumstances that the expiration of an incontestability period does not necessarily preclude an insurer from seeking a judicial declaration that a policy is void from its inception. See Pruco Life Ins. Co. v. Brasner, 2011 WL 134056, at *6 (S.D. Fla. 2011) (citations omitted) ("the Court will allow Plaintiff to pursue its claim that the . . . Policy is void *ab initio*, because should Plaintiff prevail, the incontestability never went into effect and therefore never expired.") Even so, by bringing this action, Plaintiff has undertaken the risk that it could be found to have breached the contract in this case if it is determined that Plaintiff is incorrect in its contention that the insurance policy is void at its inception. If the policy is not void *ab initio*, Defendant may be able to demonstrate that filing this lawsuit is a breach of the contractual proscription against challenging the policy after the two year contestability period. At this stage, the Court cannot determine that the breach of contract claim fails. Thus, the Court **DENIES** the motion to dismiss Count I of HSI's counterclaim.

**B. Fraud**

To state a cause of action for fraud, HSI must allege sufficient facts to show (1) Plaintiff made a false representation regarding a material fact, (2) Plaintiff knew or should have known that the representation was false, (3) that Plaintiff intended the false statement to induce HSI's reliance, and (4) that HSI justifiably relied to its detriment.

7

See Grills v. Phillip Morris USA, Inc., 645 F.Supp. 2d 1107, 1122 (M.D. Fla. 2009) (citations omitted). Under Federal Rule of Civil Procedure 9(b), a claim for fraud must be pled with particularity. See Pyramid Employer Servs. v. Coile, 2006 WL 1208009, at *4 (M.D. Fla. 2006). Pleading with particularity means that the complaint "must set forth precisely what statements or omissions were made in what documents or oral representations, the time and place of the statements, who made the statements, the contents of the statements and manner in which they mislead the plaintiff, and what the defendant gained as a consequence." Pyramid Employer Servs., 2006 WL 1208009, at *4 (citations omitted).

For its fraud claim, HSI alleges that Plaintiff represented to HSI that there was an insurable interest under the terms of the Harold Schneider Policy based on Plaintiff's knowledge of the Arbitrage Transactions offered by its agents, as well as Plaintiff's underwriting and investigation. HSI claims the representation was false and was made for the purpose of inducing HSI to pay premiums under the Harold Schneider Policy. HSI alleges Plaintiff's representation induced it to pay over $1,700,000 in premiums under the Harold Schneider Policy. HSI claims after collecting over $1,700,000 in premiums from HSI, Plaintiff now claims that the Harold Schneider Policy is void *ab initio* and that HSI has no interest under the terms of the Policy. The Court finds these allegations are sufficient to state a cause of action for fraud against the Plaintiff in this case. Therefore, Plaintiff's motion as to Count III of HSI's counterclaim is **DENIED**.

### C. Negligent Misrepresentation

Although Count II of HSI's counterclaim is titled "Negligence," HSI contends it properly stated a claim for negligent misrepresentation under Count II. Under Florida

law, a claim for negligent misrepresentation requires allegations that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. <u>Linville v. Ginn Real Estate Co., LLC</u>, 697 F.Supp.2d 1302, 1307 (M.D. Fla. 2010). Rule 9(b)'s particularity requirement also applies to claims for negligent misrepresentation under Florida law because negligent misrepresentation "sounds in fraud." <u>See</u> <u>Linville</u>, 697 F.Supp.2d at 1306 (citation omitted).

In Count II of HSI's counterclaim, which includes the incorporation of the allegations found in paragraphs 1 through 43 of the counterclaim, HSI alleges that Plaintiff represented that the Policy was valid. HSI claims the representation was false and made for the purpose of inducing HSI to pay premiums under the Harold Schneider Policy. HSI also alleges that Plaintiff either knew of the nature of the Arbitrage Transactions or relaxed or disregarded its own underwriting guidelines and disregarded "internal red flags" that it knew or should have discovered during its underwriting and investigation process. HSI alleges Plaintiff's representation induced it to pay over $1,700,000 in premiums under the Harold Schneider Policy. In <u>Pruco Life Ins. Co. v. Brasner</u>, 2011 WL 2669651, at *5, a factually analogous case to the case at bar, the Court found the following allegations were sufficient to state a claim for negligent misrepresentation: (1) Plaintiff represented to Defendant that the policy was valid and enforceable; (2) before making the representations, Plaintiff believed that the policy was

suspect due to numerous internal red flags it had discovered during the underwriting process; (3) nevertheless Plaintiff represented that the policy was valid yet subsequently filed a lawsuit to contest the validity of the policy; (4) Plaintiff knew or should have known that its representations were not true and Plaintiff intended to induce reliance or should have known that a third-party investor would rely on its representations in connection with purchasing the policy in the secondary market. Likewise, this Court finds the allegations in Count II of HSI's counterclaim are sufficient to state a claim for negligent misrepresentation. Thus, the Court **DENIES** the motion to dismiss Count II of HSI's counterclaim.

Plaintiff also contends that Count II of HSI's counterclaim is barred by the economic loss rule. "The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." See Rushing v. Wells Fargo Bank, N.A., 752 F.Supp.2d 1254, 1263 (M.D. Fla. 2010) (citation omitted). The economic loss rule applies when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising out of the contract. Rushing, 752 F.Supp.2d at 1263 (citation omitted). Where the duties alleged to have been breached do not arise under the contract, however, an action for an independent tort may exist even though the parties are in contractual privity. Id. (citation omitted). "To determine whether the economic loss rule bars recovery under fraud, the question is simply this: is the fraud alleged in an act of performance or in a term of the bargain?" See Pruco Life Ins. Co., 2011 WL 2669651, at * 6 (citation omitted).

Because the negligent misrepresentation claim in this case is based on allegations of representations made to induce HSI into entering into the contract rather than the performance of contractual terms, the Court cannot determine, at this point, that the economic loss rule bars HSI's negligent misrepresentation counterclaim. See id. ("[Defedant's] allegations center on a representation made and relied upon during the course of [its] client purchasing the … Policy.  Under such circumstances, the economic loss rule does not bar a negligent misrepresentation claim seeking solely economic damages") (citations omitted).

### III.    CONCLUSION

Accordingly, it is hereby **ORDERED** that American National's Motion to Dismiss Counterclaim (Dkt. 26) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on this 17th day of May 2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties